THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETHANY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | **JURY DEMAND** |
| v. | ) | |
| | ) | |
| REED CONSTRUCTION CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES the Plaintiff, BETHANY ANDERSON, by and through her attorneys, S.T. LEGAL GROUP, who for her Complaint against Defendant, REED CONSTRUCTION CORPORATION, alleges and states as follows:

## NATURE OF ACTION

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964 for discrimination based on sex. This lawsuit further arises under the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), for Defendant's violation of the Equal Pay Act.

## JURISDICTION

2. Federal jurisdiction arises under the provisions of the Civil Rights Act of 1964 Sec. 703 (a)(1) and the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. and federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.

## VENUE

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendant is a company with its principal place of

1

business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. At all relevant times, the Plaintiff, BETHANY ANDERSON, was a resident of Evanston, State of Illinois.

5. At all relevant times, the Defendant, REED CONSTRUCTION, was a company with its principal place of business in Chicago, State of Illinois.

## BACKGROUND

6. Defendant, REED CONSTRUCTION, is a general construction and design-build firm.

7. Plaintiff, BETHANY ANDERSON, was hired by Defendant, REED CONSTRUCTION, on or about August 19, 2019, as a Human Resource ("HR") Specialist.

8. In or around August 2020 Plaintiff, BETHANY ANDERSON, was promoted to HR Generalist.

9. At the time of her promotion, Plaintiff, BETHANY ANDERSON, did not receive any pay increase.

10. On or around December 15, 2020, Plaintiff, BETHANY ANDERSON, was furloughed. The explanation given by Defendant, REED CONSTRUCTION, for her furlough was that it was for budgetary reasons.

11. At the time of her furlough, Plaintiff, BETHANY ANDERSON, was informed by Defendant, REED CONSTRUCTION, that she would be returned to work sometime at the end of the first quarter of 2021.

12. In or around January 2021, Defendant, REED CONSTRUCTION, hired a new HR member with similar credential to Plaintiff, BETHANY ANDERSON.

13. This new HR member hired was male. Upon information and belief, this male colleague was being compensated approximately thirteen thousand dollars ($13,000) more per year than Plaintiff, BETHANY ANDERSON, was making at the time of her furlough. The new male employee and the Plaintiff, BETHANY ANDERSON, were performing the same or substantially same duties and responsibilities.

14. Thereafter, the Plaintiff, BETHANY ANDERSON, was not brought back from furlough and her employment was terminated by Defendant, REED CONSTRUCTION. According to the Defendant's records, this termination was effective December 15, 2020 the first date of the Plaintiff's furlough.

15. On or about March 14, 2022, Plaintiff, BETHANY ANDERSON, received her Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as Exhibit 1.

**COUNT I - Violation of Title VII of the Civil Rights Act of 1964**

16. The Plaintiff, Plaintiff, BETHANY ANDERSON, incorporates and adopts paragraphs 1 through 15 as if set forth herein fully as paragraph 16.

17. At all relevant times, there was in effect in the State of Illinois Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

18. During the course of her employment, the Plaintiff, Plaintiff, BETHANY ANDERSON, was an "employee" as defined by Title VII.

19. During the course of Plaintiff's employment, the Defendant was an "employer" as that term is defined by the Act. In particular, the Defendant employed fifteen or more employees

for each working day in each of twenty or more calendar weeks, including the Plaintiff, Plaintiff, BETHANY ANDERSON.

20. The Plaintiff, BETHANY ANDERSON, is female.

21. The Defendant, Defendant, REED CONSTRUCTION, by and through its agents and employees, was aware of Plaintiff, BETHANY ANDERSON's gender.

22. While the Plaintiff, Plaintiff, BETHANY ANDERSON, was employed by the Defendant, REED CONSTRUCTION, she satisfactorily performed her duties.

23. Pursuant to Title VII, it is unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," because of the employee's sex. 42 U.S.C. § 2000e-2 (a)(1).

24. In violation of Title VII, the Defendant, Defendant, REED CONSTRUCTION, discriminated against the Plaintiff, BETHANY ANDERSON, with respect to her sex by treating male employees more favorably in that she did not receive the same salary as male employees, was she returned from furlough, and was terminated.

25. As a result of the discriminatory conduct of the Defendant, Defendant, REED CONSTRUCTION, the Plaintiff, BETHANY ANDERSON, has sustained the following and ongoing damages:

    a. Loss of wages, benefits, and income and ongoing;

    b. Humiliation, embarrassment, and emotional distress damages and ongoing

    c. Attorneys' fees and costs for the prosecution of this action and ongoing;

    d. Prejudgment interest; and

    e. Other losses to be determined.

WHEREFORE, the Plaintiff, BETHANY ANDERSON, prays for judgment against the Defendant, REED CONSTRUCTION, plus her costs of suit and attorneys' fees.

### COUNT II- Violation of the Equal Pay Act.

26. The Plaintiff, BETHANY ANDERSON, realleges and incorporates paragraphs 1 through 25 as if fully set forth herein as paragraph 26.

27. At all relevant times, there was in effect in the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq ("FLSA").

28. During the course of employment, the Plaintiff, BETHANY ANDERSON, was an "employee" as defined by 29 U.S.C. § 203(e).

29. During the course of employment, the Defendant, REED CONSTRUCION, was an "employer" as that term is defined by 29 U.S.C. § 203(d).

30. The FLSA provides that "[n]o employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work …." 29 U.S.C. § 206 (d) ("Equal Pay Act").

31. In violation of the Equal Pay Act, Defendant, REED CONSTRUCTION, paid a male employee more than they paid Plaintiff, BETHANY ANDERSON (female), for equal work that required equal skill, effort, and responsibility and had similar working conditions.

32. As a result of the discriminatory conduct of the Defendant, REED CONSTRUCTION, the Plaintiff, BETHANY ANDERSON, has sustained the following damages:

    a. Loss of wages, benefits, and income and ongoing;

    b.  Attorneys' fees and costs for the prosecution of this action and ongoing; and

    c.  Other losses to be determined.

  WHEREFORE, the Plaintiff, BETHANY ANDERSON, prays for judgment against the Defendant, REED CONSTRUCTION, plus her costs of suit and attorneys' fees.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

              Respectfully Submitted,

              _____
              Diana C. Servos

DIANA C. SERVOS (4994471)
S.T. Legal Group
1020 Milwaukee Avenue, Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dservos@stlegalgroup.com

| | | |
|---|---|---|
| EEOC Form 161-B (11/09) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | |

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Bethany Anderson<br>c/o Diana Taylor, Esq.<br>S.T. Legal Group<br>1020 Milwaukee Avenue, Suite 335<br>Deerfield, IL 60015 | From: | Chicago District Office<br>230 S Dearborn Street, Suite 1866<br>Chicago, IL, 60604 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-03939 | Sergio Maldonado, Investigator | (312) 872-9729 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/msd*

| Enclosures(s) | Julianne Bowman,<br>District Director | *(Date Mailed)* |
|---|---|---|

cc:    **REED CONSTRUCTION**
       c/o Kearney Kilens, Esq.
       Litchfield Cavo LLP
       303 W. Madison Street, Suite 300
       Chicago, IL 60606

Exhibit 1

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of **the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*